VAN RENSSE-
LAER
*v.*
HOLBROOK.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SUCCESSION OF DUCLOSLANGE.

Irregular successions must be administered like other successions. They may be accepted, either with the bensfit of inventory, in which case they must be administered as other suc-cessions accepted in that manner, or purely and simply, when no administration is neces-sary, unless on the contingency provided for by art. 1005 of the Civil Code.

An irregular succession is not necessarily a vacant succession.

Heirs of age who accept a succession purely and simply, may take possession of it, pay its debts, and divide it among themselves, without the appointment of an adminisirator, or the intervention of the Court of Probates. The creditors may require an inventory and secu-rity from the heirs who have thus accepted, in the manner provided for by art. 1005 of the Civil Code, and, on the failure to furnish such security, may require that an administra-tion be appointed.

APPEAL from the Court of Probates of New Orleans.  *Bermudez, J.*
The judgment of the court was pronounced by

King, J.   *Eulalie Ducloslange* died in the city of New Orleans, leaving neither ascendants nor descendants, nor legitimate collateral relations.   She left, however, a surviving husband, from whom she had not been separated from bed and board.   Shortly after her death, her natural brother, *Phillip Duclos-lange*, presented a petition to the Probate Court, in which he represented him-self, his three sisters, and the children of a deceased sister, to be the heirs of *Eulalie*, and claimed the administration of her succession.   *Ternoir*, the survi-ving husband, opposed the appointment of the applicant, claimed the succession as having fallen to him, and prayed to be put in possession of it, under arts. 918, 924 of the Civil Code.   The probate judge determined that the succes-sion was vacant, overruled the opposition of *Ternoir*, and appointed *Phillip Ducloslange* the curator.   From this judgment *Ternoir* has appealed.

Among the few rules which govern irregular successions, and prescribe the formalities by which those who are called to them are to be put in possession, we find none which require that they shall be administered differently from other successions, when an administration becomes necessary.   We think it results from a comparison of the various articles of the Code relating to successions, that irregular successions may either be accepted with the benefit of inventory, in which event they are to be administered under the rules prescribed for the administration of beneficiary estates, or that they may by accepted purely and

SUCCESSION OF simply by the person called to the inheritance, when no administration would be
DUCLOSLANGE. required, unless under the contingencies stated in the 1005th article of the
Code. They are clearly not to be regarded as necessarily vacant. A succession *is vacant when no one claims it*, or when all the heirs are unknown, or
when the known heirs have renounced it. Civil Code, art. 1088  In the instance now under consideration, two classes of persons, the natural brother and
sisters and the surviving husband, were present, both claiming the inheritance. The former, under the 917th article of the Code, which gives the
estate of the natural child, whose father and mother have died before him, to
the natural brothers and sisters and their descendants; and the latter under the
918th article, which calls to the inheritance of the wife, the surviving husband,
not separated from bed and board from her, when she has died without leaving
lawful ascendants, descendants, collateral relations, or natural children, duly
acknowledged.

The probate judge erred in considering the succession to be vacant, and the
appointment of a curator to it was irregular.

But it is contended that an administration is required upon every succession,
whether the heirs be present or absent; and that *Ternoir*, having alleged in his
opposition no better right in himself to the administration, the appointment was
properly conferred on the applicant, *P. Ducloslange.*

The first of these positions we think untenable. The articles of the Codes,
and the decision of the Supreme Court, relied on as favoring that view, all relate
to beneficiary successions. Civil Code, arts. 1034 to 1040. Code of Pract. art.
976. 6 La. 212. Heirs of full age may accept, purely and simply, a succession
falling to them, take possession of it, pay its debts if any exist, and make a parti-
tion of it among themselves, without the appointment of an administrator, or
the intervention of the Court of Probates. It is true, the creditors may require an inventory, and security from the heir who has accepted the succession
unconditionally; and that, upon his failure to furnish the security, an administrator is to be appointed. Civil Code, art. 1005.

In the case of *Erwin's Heirs* v. *Orillon*, 6 La. 212, the Supreme Court could
not have intended to decide that, a succession should, of necessity, be administered by an administrator or curator, even when accepted unconditionally. The
question was not then before the court; the subject under discussion was a beneficiary succession. If the opinion is to be understood as contended for by the
appellee's counsel, it will stand in conflict with the textual provisions of the Code.

The appointment of a curator, or administrator, does not seem to be contemplated by the Code, as a prerequisite to putting in possession the person called to
the inheritance of an irregular succession. The only officer whose appointment
is required for that purpose, is a person to defend the interests of the absent
heirs, in the event of there being any. Civil Code, art. 924.

When the husband presented himself, claiming the succession of the deceased, all further proceedings upon the application for the administration should
have been suspended, until he had produced proofs in support of his claim;
and, if these had been sufficient, the court should have put him in possession
upon his complying with the previous requisites of the law, and have dismissed
the application for letters of administration.

It is, therefore, ordered that the judgment of the Probate Court be avoided
and reversed, and the cause remanded, with instructions to the judge to hear
and determine upon the application of *Jean Ternoir* to be put in possession of
the succession of *Eulalie Ducloslange*, deceased, as her surviving husband; the

appellee paying the costs of this appeal; the costs of the lower court, to abide <span style="float:right">Succession of</span> the result of the litigation there. <span style="float:right">Ducloslange.</span>

*Benjamin* and *Micou*, for the appellant. *Grivot* and *Roselius*, contrâ.